# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

IN RE: Overseas Shipholding Group Inc. et al.
_____

| | | |
|---|---|---|
| Asbestos Claimants, | : | |
| | : | |
| Appellants, | : | |
| | : | |
| v. | : | C. A. No. 14-103-GMS |
| | : | |
| Overseas Shipholding Group Inc., | : | Bankruptcy Case No. 12-20000 |
| | : | AP No. 13-112 |
| Appellee. | : | |

_____

| | | |
|---|---|---|
| Asbestos Claimants, | : | |
| | : | |
| Appellants, | : | |
| | : | |
| v. | : | C. A. No. 14-104-GMS |
| | : | |
| Overseas Shipholding Group Inc., | : | Bankruptcy Case No. 12-20000 |
| | : | AP No. 13-113 |
| Appellee. | : | |

_____

| | | |
|---|---|---|
| Asbestos Claimants, | : | |
| | : | |
| Appellants, | : | |
| | : | |
| v. | : | C. A. No. 14-106-GMS |
| | : | |
| Overseas Shipholding Group Inc., | : | Bankruptcy Case No. 12-20000 |
| | : | AP No. 13-114 |
| Appellee. | : | |

_____

| | | |
|---|---|---|
| Asbestos Claimants, | : | |
| | : | |
| Appellants, | : | |
| | : | |
| v. | : | C. A. No. 14-107-GMS |
| | : | |
| Overseas Shipholding Group Inc., | : | Bankruptcy Case No. 12-20000 |
| | : | AP No. 13-115 |
| Appellee. | : | |

| | | |
|---|---|---|
| Asbestos Claimants, | : | |
| | : | |
| Appellants, | : | |
| | : | |
| v. | : | C. A. No. 14-480-GMS |
| | : | Bankruptcy Case No. 12-20000 |
| Overseas Shipholding Group, Inc., et al., | : | AP No. 14-9 |
| | : | |
| Appellees. | : | |

_____

| | | |
|---|---|---|
| Asbestos Claimants, | : | |
| | : | |
| Appellants, | : | |
| | : | |
| v. | : | C. A. No. 14-481-GMS |
| | : | Bankruptcy Case No. 12-20000 |
| Overseas Shipholding Group, Inc., et al., | : | AP No. 14-10 |
| | : | |
| Appellees. | : | |

_____

| | | |
|---|---|---|
| Asbestos Claimants, | : | |
| | : | |
| Appellants, | : | |
| | : | |
| v. | : | C. A. No. 14-482-GMS |
| | : | Bankruptcy Case No. 12-20000 |
| Overseas Shipholding Group, Inc., et al., | : | AP No. 14-11 |
| | : | |
| Appellees. | : | |

_____

| | | |
|---|---|---|
| Asbestos Claimants, | : | |
| | : | |
| Appellants, | : | |
| | : | |
| v. | : | C. A. No. 14-483-GMS |
| | : | Bankruptcy Case No. 12-20000 |
| Overseas Shipholding Group, Inc., et al., | : | AP No. 14-12 |
| | : | |
| Appellees. | : | |
| Asbestos Claimants, | : | |
| | : | |
| Appellants, | : | |
| | : | |
| v. | : | C. A. No. 14-484-GMS |
| | : | Bankruptcy Case No. 12-20000 |
| Overseas Shipholding Group, Inc., et al., | : | AP No. 14-13 |

|  | : |  |
| --- | --- | --- |
| Appellees. | : |  |

_____

| Asbestos Claimants, | : |  |
| --- | --- | --- |
|  | : |  |
| Appellants, | : |  |
|  | : |  |
| v. | : | C. A. No. 14-604 |
|  | : | Bankruptcy Case No. 12-20000 |
| Overseas Shipholding Group, Inc., et al., | : | AP No. 14-14 |
|  | : |  |
| Appellees. | : |  |

_____

### **RECOMMENDATION**

At Wilmington this **14th** day of **May, 2014**.

WHEREAS, pursuant to paragraph 2(a) of the Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District dated September 11, 2012, the court conducted an initial review, which included information from counsel, to determine the appropriateness of mediation in these matters;

WHEREAS, as a result of the above screening process, the court referred the 14-103-GMS, 14-104-GMS, 14-106-GMS and 14-107-GMS matters to the Honorable Christopher J. Burke for further discussion and possible mediation. Prior to the April 21, 2014 teleconference with Judge Burke, the parties held settlement discussions and despite their good faith efforts, settlement could not be reach. As a result, the parties advised Judge Burke that mediation would not be beneficial and on his further review, he found mediation at this stage would not be a productive exercise, a worthwhile use of judicial resources nor warrant the expense of the process.

During the screening process of the 14-103-GMS, 14-104-GMS, 14-106-GMS

and 14-107-GMS matters concerning the Debtor's Eleventh through Fourteenth Omnibus Claims Objections, additional appeals between these parties were filed in the 14-480-GMS through 14-484-GMS cases arising from the Debtor's Sixteenth through Nineteenth and Twenty-First Omnibus Objections.  In addition, on April 28, 2014, Appellants filed a Notice of Appeal of the Bankruptcy Court's Order sustaining the Debtor's Twenty-Fifth Omnibus Objection.  Appellants claim all the aforementioned appeals involve the same issues and will seek consolidation of all appeals.  Appellees reserve all rights to oppose any request for consolidation.

Although the parties have agreed on a briefing schedule of 30 days for the opening brief, 30 days following the opening brief for the answering brief and thereafter 14 days for the reply brief, they do not agree when the briefing scheduled should begin, that is, after the date of the confirmation of this Recommendation or after resolution of the motion to consolidate.

THEREFORE, IT IS RECOMMENDED that, pursuant to paragraph 2(a) Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District and 28 U.S.C. § 636(b), the above-captioned matters be withdrawn from the mandatory referral for mediation and proceed through the appellate process of this Court.  The parties advised they have no objections to this Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), FED. R. CIV. P. 72(a) and D. DEL. LR 72.1.

Local counsel are obligated to inform out-of-state counsel of this Order.

/s/ Mary Pat Thynge
UNITED STATES MAGISTRATE JUDGE